JUSTICE TRIEWEILER,
specially concurring:
I concur with the dissent of Justice Gray, but am unable to join in her remarkable restraint.
The portions of the forfeiture statute relied upon by the majority turn traditional notions of fairness, due process, burden of proof, and presumption of innocence upside down. The statute has only one redeeming provision which is found in § 44-12-205(3), MCA. The majority opinion gives its blessing to those provisions of the forfeiture statute which are most offensive to the traditions of our justice system, and totally ignores that portion of the statute which was intended by the legislature to ameliorate the statute’s harshness.
Under our former system of justice, innocent people did not have the burden of proving innocence. The State had the burden of proving *190 their guilt before punishing them or seizing their property. Regardless of that fact, in this case Peter Soule did not need to appear to prove his innocence because his innocence was undisputed.
While the majority opinion does substantial harm to the property rights of innocent citizens, it does nothing to further the “war on drugs.”
JUSTICE HUNT concur in the foregoing concurrence of JUSTICE TRIEWEILER.